FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROLANDE H.,[1] <br>     Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, <br> COMMISSIONER OF SOCIAL <br> SECURITY, <br>     Defendant. | No. 1:19-cv-03198-MKD <br><br> ORDER DENYING PLAINTIFF'S <br> MOTION FOR SUMMARY <br> JUDGMENT AND GRANTING <br> DEFENDANT'S MOTION FOR <br> SUMMARY JUDGMENT <br><br> ECF Nos. 13, 18 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 13, 18. The parties consented to proceed before a magistrate judge. ECF No. 5. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

motion, ECF No. 13, and grants Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

"where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

*Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

1  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2  defined generally as the claimant's ability to perform physical and mental work

3  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

4  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

5  At step four, the Commissioner considers whether, in view of the claimant's

6  RFC, the claimant is capable of performing work that he or she has performed in

7  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

8  capable of performing past relevant work, the Commissioner must find that the

9  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

10 performing such work, the analysis proceeds to step five.

11 At step five, the Commissioner considers whether, in view of the claimant's

12 RFC, the claimant is capable of performing other work in the national economy.

13 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

14 must also consider vocational factors such as the claimant's age, education and

15 past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

16 adjusting to other work, the Commissioner must find that the claimant is not

17 disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

18 other work, analysis concludes with a finding that the claimant is disabled and is

19 therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

20

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On March 26, 2015, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of March 26, 2015.[2]  Tr. 109, 191-99. The application was denied initially, and on reconsideration. Tr. 128-35; Tr.

---

[2] Plaintiff previously applied for benefits on January 29, 2009; that application was denied by an ALJ on February 17, 2011, Tr. 74-85, and Plaintiff appealed the denial. The case was remanded by this Court for another hearing. *Heddlesten v. Colvin*, No. 2:12-cv-03133-RHW (E.D. Wash. Apr. 2, 2014) (Order, ECF No. 21). The remand hearing resulted in another denial from the ALJ on March 5, 2015, which Plaintiff appealed. Plaintiff's second appeal was denied on September 20, 2016. *Heddlesten v. Colvin,* No. 1:15-cv-03066-MKD (E.D. Wash. Sept. 20, 2016) (Order, ECF No. 27).

ORDER - 6

139-44.  Plaintiff appeared before an administrative law judge (ALJ) on March 29,

2017.  Tr. 54-73.  On May 19, 2017, the ALJ denied Plaintiff's claim.  Tr. 342-55.

At step one of the sequential evaluation process, the ALJ found Plaintiff has

not engaged in substantial gainful activity since March 26, 2015.  Tr. 347.  At step

two, the ALJ found that Plaintiff has the following impairments:  bipolar and

anxiety disorders.  *Id*.  The ALJ found both of Plaintiff's impairments are non-

severe.  Tr. 347-51.  Therefore, the ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from the date of the application

though the date of the decision.  Tr. 351.

On June 28, 2019, the Appeals Council denied review of the ALJ's decision,

Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her supplemental security income benefits under Title XVI of the Social Security

Act.  Plaintiff raises the following issue for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

3.  Whether the ALJ properly evaluated lay witness evidence; and

4.  Whether the ALJ conducted a proper step-two analysis.

ORDER - 7

ECF No. 13 at 2-21.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the medical opinions of R.A. Cline, Psy.D. and Janis Lewis, Ph.D.  ECF No. 13 at 7-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

ORDER - 8

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-831 (9th Cir. 1995)). The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the

record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Cline, a DSHS examiner, diagnosed Plaintiff with bipolar I disorder and

anxiety disorder NOS with some features of PTSD and generalized anxiety

disorder. Tr. 268. Dr. Cline opined Plaintiff has no limitations to mild limitations

in her ability to: understand, remember, and persist in tasks by following very short

and simple instructions; perform routine tasks without special supervision; make

simple work-related decisions; be aware of normal hazards and take appropriate

precautions; and ask simple questions or request assistance; moderate limitations in

her ability to: understand, remember, and persist in tasks by following detailed

instructions; perform activities within a schedule, maintain regular attendance, and

be punctual within customary tolerances without special supervision; learn new

tasks; adapt to changes in a routine work setting; and set realistic goals and plan

ORDER - 9

1   independently; and marked limitations in her ability to: communicate and perform

2   effectively in a work setting; complete a normal work day and work week without

3   interruptions from psychologically based symptoms; and maintain appropriate

4   behavior in a work setting.  Tr. 268-69.  Dr. Cline opined Plaintiff appears to need

5   a "low-stress level" to maintain her best emotional functioning, she may be able to

6   work part-time, she had a GAF of 55, and her limitations were likely to last six to

7   12 months.  Tr. 269.  The ALJ gave Dr. Cline's opinion little weight.  Tr. 350.  As

8   Dr. Cline's opinion is contradicted by the opinions of Dr. Postovoit, Tr. 114-15,

9   and Dr. Gilbert, Tr. 122-24, the ALJ was required to give specific and legitimate

10  reasons, supported by substantial evidence, to reject the opinion.  *See Bayliss*, 427

11  F.3d at 1216.

12          Dr. Lewis, a DSHS reviewing source, reviewed Dr. Cline's opinion and

13  accompanying examination notes, and opined the diagnoses and limitations set

14  forth by Dr. Cline were supported by the evidence.  Tr. 286.  The ALJ also gave

15  Dr. Lewis' opinion little weight.  Tr. 350.  As Dr. Lewis is a nonexamining source,

16  the ALJ must consider Dr. Lewis' opinion and whether it is consistent with other

17  independent evidence in the record.  *See* 20 C.F.R. § 416.927(b),(c)(1);

18  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Lester*, 81 F.3d at 830-

19  31.

20

ORDER - 10

First, the ALJ found Dr. Cline's and Dr. Lewis' opinions were inconsistent with Plaintiff's treatment records.  Tr. 350.  Relevant factors in evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record.  *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631.  An ALJ may choose to give more weight to an opinion that is more consistent with the evidence in the record.  20 C.F.R. § 416.927(c)(4).  The ALJ noted Plaintiff's March 2015 treatment records indicated she was doing well with an unremarkable mental status exam and she reported she had not had a manic episode in a long time, and Plaintiff remained stable without reported symptoms or concerns until she had lorazepam added to her medication regimen due to her increased anxiety after experiencing situational stressors in May 2016.  Tr. 350 (citing Tr. 271-72, 332-41, 349-50).  Plaintiff had unremarkable mental status examinations at additional appointments in 2016.  Tr. 350 (citing Tr. 315-20).  Plaintiff reported her medications were effective in managing her symptoms and denied any side effects from her medications.  Tr. 315, 322-24, 326.  Plaintiff also has limited objective evidence given her minimal treatment during the relevant period.  Tr. 350.  Plaintiff presents an alternative interpretation of the evidence, ECF No. 13 at 9-10, however, the ALJ reasonably found the treatment records are

1  inconsistent with Dr. Cline and Dr. Lewis' opinions.  This was a specific and

2  legitimate reason, supported by substantial evidence, to reject the opinions.

3       Second, the ALJ found Dr. Cline's and Dr. Lewis' opinions were

4  inconsistent with their own notes.  Tr. 350-51.  A medical opinion may be rejected

5  if it is unsupported by medical findings.  *Bray*, 554 F.3d at 1228; *Batson v.*

6  *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v.*

7  *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan*, 242 F.3d at 1149;

8  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Furthermore, a

9  physician's opinion may be rejected if it is unsupported by the physician's

10  treatment notes.  *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

11       The ALJ noted that while Dr. Cline opined Plaintiff has marked limitations

12  in communicating, performing effectively and maintaining appropriate behavior in

13  a workplace, Plaintiff was cooperative, with normal speech, good eye contact, and

14  normal affect on exam.  Tr. 350 (citing Tr. 270).  At Dr. Cline's exam, Plaintiff

15  arrived on time, and had normal orientation, memory, fund of knowledge, and

16  abstract thought.  Tr. 266, 270.  Dr. Cline noted Plaintiff's concentration was

17  variable between tasks, and she reported some abnormal perception like

18  intermittent paranoia.  Tr. 270.  While Dr. Cline opined Plaintiff had some marked

19  limitations, Dr. Cline labeled all of Plaintiff's symptoms only moderate in severity.

20  Tr. 267.  Plaintiff argues that her need for cues to recall information and variable

ORDER - 12

concentration demonstrate the exam is consistent with Dr. Cline's opinion, ECF No. 13 at 11, but Dr. Cline found Plaintiff's memory was normal, even though Plaintiff needed cues, and Dr. Cline noted Plaintiff's concentration was both normal and abnormal, as it was variable, Tr. 270. The ALJ reasonably found that Dr. Cline's generally normal mental status exam findings were inconsistent with Dr. Cline and Dr. Lewis' opinions. This was a specific and legitimate reason, supported by substantial evidence, to reject the opinions.

Third, the ALJ reasoned Dr. Cline's and Dr. Lewis' opinions were based in part on Plaintiff's self-report. Tr. 351. A physician's opinion may also be rejected if it is too heavily based on a claimant's properly discounted complaints. *Tonapetyan*, 242 F.3d at 1149. Here, the ALJ noted that Dr. Cline's and Dr. Lewis' opinions were based in part on Plaintiff's self-report, and the ALJ found Plaintiff's statements were not entirely consistent with the evidence. Tr. 351. Dr. Cline did not review any medical records, and based her opinion only on the examination, a significant portion of which consisted of Plaintiff's self-report. Tr. 266-70, 351. Dr. Lewis reviewed only Dr. Cline's examination records. Tr. 278. As much of Dr. Cline's exam consistent of normal objective results, the ALJ reasonably found Dr. Cline's and Dr. Lewis' opinions were based on Plaintiff's self-report. This was a specific and legitimate reason, supported by substantial evidence, to reject the opinions.

1    Plaintiff contends that the ALJ erred in giving more weight to the reviewing

2    sources' opinions over Dr. Cline's and Dr. Lewis' opinions.  ECF No. 13 at 8.  The

3    opinion of a nonexamining physician may serve as substantial evidence if it is

4    supported by other evidence in the record and is consistent with it.  *Andrews*, 53

5    F.3d at 1041.  Other cases have upheld the rejection of an examining or treating

6    physician based in part on the testimony of a nonexamining medical advisor when

7    other reasons to reject the opinions of examining and treating physicians exist

8    independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at 831 (citing

9    *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory

10   test results, contrary reports from examining physicians and testimony from

11   claimant that conflicted with treating physician's opinion)); *Roberts v. Shalala*, 66

12   F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's functional

13   assessment which conflicted with his own written report and test results).  Thus,

14   case law requires not only an opinion from the consulting physician but also

15   substantial evidence (more than a mere scintilla but less than a preponderance),

16   independent of that opinion which supports the rejection of contrary conclusions

17   by examining or treating physicians.  *Andrews*, 53 F.3d at 1039.

18   Here, the ALJ rejected Dr. Cline's and Dr. Lewis' opinions for valid

19   reasons, and the rejection was based on substantial evidence, as discussed above.

20   The ALJ gave significant weight to the opinions of Dr. Postovoit and Dr. Gilbert,

ORDER - 14

the State agency consultants.  Tr. 350.  The ALJ found their opinions were consistent with Plaintiff's longitudinal treatment history, lack of treatment beyond medication management, and consistently unremarkable objective evidence.  *Id.* As the ALJ's rejection of Dr. Cline's and Dr. Lewis' opinions is supported by substantial evidence, the ALJ did not err in giving greater weight to the opinions of the State agency consultants over Dr. Cline's opinion.  Plaintiff is not entitled to remand on these grounds.

### B. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 13 at 14-17.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

ORDER - 15

1    Second, "[i]f the claimant meets the first test and there is no evidence of

2    malingering, the ALJ can only reject the claimant's testimony about the severity of

3    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4    rejection." *Ghanim v. Colvin*, 763 F.3d at 1163.  General findings are insufficient;

5    rather, the ALJ must identify what symptom claims are being discounted and what

6    evidence undermines these claims.  *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas*,

7    278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted

8    claimant's symptom claims)).  "The clear and convincing [evidence] standard is

9    the most demanding required in Social Security cases." *Garrison v. Colvin*, 759

10   F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278

11   F.3d 920, 924 (9th Cir. 2002)).

12       Factors to be considered in evaluating the intensity, persistence, and limiting

13   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

14   duration, frequency, and intensity of pain or other symptoms; 3) factors that

15   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

16   side effects of any medication an individual takes or has taken to alleviate pain or

17   other symptoms; 5) treatment, other than medication, an individual receives or has

18   received for relief of pain or other symptoms; 6) any measures other than treatment

19   an individual uses or has used to relieve pain or other symptoms; and 7) any other

20   factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929 (c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

physical symptoms were not entirely consistent with the evidence.  Tr. 349.

### 1.  Inconsistent with Objective Medical Evidence

The ALJ found Plaintiff's symptom complaints were not supported by the

medical evidence.  *Id.*  An ALJ may not discredit a claimant's pain testimony and

deny benefits solely because the degree of pain alleged is not supported by

objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*,

885 F.2d 597, 601 (9th Cir. 1989).  Medical evidence is a relevant factor, however,

in determining the severity of a claimant's pain and its disabling effects.  *Rollins*,

261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

In March 2015, when Plaintiff alleges her disability began, Plaintiff had a

normal mental status exam, and she reported doing well.  Tr. 349 (citing Tr. 271-

72).  Plaintiff's DSHS exam that same month was also generally normal, with

ORDER - 17

1    variable concentration and reportedly impaired perception.  Tr. 269-70.  Plaintiff

2    had normal mental status examinations in October 2015, December 2015, and

3    March 2016.  Tr. 349 (citing Tr. 332-41).  While Plaintiff alleges medication side

4    effects, she consistently denied side effects at her appointments.  Tr. 349 (citing Tr.

5    315, 318, 322, 326, 332, 336, 339).  Plaintiff reported her medications were

6    effective in managing her symptoms.  Tr. 349 (citing Tr. 322-24).  Throughout the

7    relevant period, Plaintiff's limited treatment for her mental health symptoms

8    primarily consisted of medication management appointments.  Tr. 350.  On this

9    record, the ALJ reasonably concluded Plaintiff's symptoms were not as limiting as

10   Plaintiff claimed.  This finding is supported by substantial evidence and was a

11   clear and convincing reason, coupled with the other reason offered, to discount

12   Plaintiff's symptom complaints.

13       *2.  Situational Stressors*

14       The ALJ found Plaintiff's difficulties were caused in part by situational

15   stressors.  Tr. 350.  An ALJ may reasonably find a claimant's symptom testimony

16   less credible where the evidence "squarely support[s]" a finding that the claimant's

17   impairments are attributable to situational stressors rather than impairments.

18   *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash.

19   July 25, 2014) ("Plaintiff testified that she would likely be able to maintain full-

20   time employment but for the 'overwhelming' stress caused by caring for her family

members").  However, "because mental health conditions may presumably *cause* strained personal relations or other life stressors, the Court is not inclined to opine that one has caused the other based only on the fact that they occur simultaneously."  *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-742-SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018) (emphasis in original).

Here, the ALJ found Plaintiff's symptoms and functioning fluctuated with situational stressors.  Tr. 350.  In March 2015, Plaintiff reported improvement in her symptoms since getting a divorce.  *Id.* (citing Tr. 271, 275).  In May 2016, Plaintiff had increased stress due to relationship stressors and her children's father's health.  Tr. 350 (citing Tr. 326).  In 2017, Plaintiff had increased stress due to her significant other's surgery, and later due to not hearing back from jobs she applied to, and anxiety about losing her welfare benefits.  Tr. 350 (citing Tr. 61-62, 226, 315).

Plaintiff argues the fact that her symptoms increased due to stressors is not inconsistent with her symptom claims.  ECF No. 13 at 14-16.  While increased symptoms due to stressors would be consistent with Plaintiff's claims if she maintained a disabling level of mental health symptoms during the times she was not experiencing stressors, the evidence does not support such a finding.  During periods when Plaintiff was not experiencing a stressor, such as when she stabilized after her divorce, she reported improvement in her symptoms, including having a

ORDER - 19

good mood, sleeping and eating well, exercising daily, and reported being active in the community.  Tr. 350 (citing Tr. 271, 275).  In September 2015, Plaintiff's stress level was reported as low, and she reported doing very well at that time. Tr. 295-96, 349.  Plaintiff was noted as stable with no reported symptoms at multiple appointments in 2016.  Tr. 349 (citing Tr. 332-41).   On this record, the ALJ reasonably concluded Plaintiff's symptoms were not as limiting as Plaintiff claimed.  This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.  Plaintiff is not entitled to remand on these grounds.

**C. Lay Witness Evidence**

Plaintiff contends the ALJ erred in rejecting a lay witness statement.  ECF No. 13 at 18-19.  An ALJ must consider the statement of lay witnesses in determining whether a claimant is disabled.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence" as to "how an impairment affects [a claimant's] ability to work."  *Id.*; 20 C.F.R. § 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").  If a lay witness statement is rejected, the ALJ "'must give reasons

1  that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th

2  Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

3       Joel Gutierrez,[3] Plaintiff's son, provided a statement regarding Plaintiff's

4  functioning.  Tr. 244-51.  Mr. Gutierrez stated Plaintiff cannot handle any kind of

5  stress, has mood swings, is easily confused, has impaired sleep when she does not

6  take her medications, needs reminders, her medications affect her memory, she

7  does not handle stress or changes well, and she is unable to work due to her

8  condition.  *Id.*  He also stated Plaintiff has no issues with her personal care, plays

9  with her grandchildren, goes for walks, shops and drives places alone, prepares her

10 own meals, handles her own chores, reads, goes to the gym and library, can handle

11 her own money, finishes what she starts, follows spoken instructions without issue,

12 gets along with authority figures, and he reported she only had memory issues,

13 without any indication she has difficulties with any of the other listed abilities like

14 getting along with others or understanding.  *Id.*  The ALJ gave Mr. Gutierrez's

15 statement limited weight.  Tr. 351.

16      The ALJ found Mr. Gutierrez's statements are similar to Plaintiff's own

17 reports, and thus rejected the statements for the same reason he rejected Plaintiff's

18 statements, as they are inconsistent with the objective evidence.  *Id.*  Where the

19

20 [3] The ALJ and Defendant refer to Joel Gutierrez as "Joe Gotierrez."

1  ALJ gives clear and convincing reasons to reject a claimant's testimony, and where

2  a lay witness's testimony is similar to the claimant's subjective complaints, the

3  reasons given to reject the claimant's testimony are also germane reasons to reject

4  the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685,

5  694 (9th Cir. 2009); *see also Molina*, 674 F.3d at 1114 ("[I]f the ALJ gives

6  germane reasons for rejecting testimony by one witness, the ALJ need only point

7  to those reasons when rejecting similar testimony by a different witness"). Further,

8  inconsistency with the medical evidence is a germane reason for rejecting lay

9  witness testimony. *See Bayliss*, 427 F.3d at 1218; *Lewis v. Apfel*, 236 F.3d 503,

10  511-12 (9th Cir. 2001) (germane reasons include inconsistency with medical

11  evidence, activities, and reports).

12  Mr. Gutierrez's statement contains information covered in Plaintiff's own

13  reports, such as reports Plaintiff can handle her own personal care and chores but

14  needs reminders, she has more difficulties when not on medication, her medication

15  causes some side effects, she has required inpatient psychiatric treatment in the

16  past, and she has previously been fired from a job. Tr. 228-33, 244-51. As Mr.

17  Gutierrez's statement reiterates information reported by Plaintiff, and the ALJ gave

18  clear and convincing reasons, supported by substantial evidence, to reject

19  Plaintiff's claims, the ALJ properly rejected Mr. Gutierrez's statements. Plaintiff

20  is not entitled to remand on these grounds.

ORDER - 22

**D. Step-Two Analysis**

Plaintiff contends the ALJ erred at step two by failing to identify bipolar and anxiety disorder as severe impairments.  ECF No. 13 at 2-21.

At step two of the sequential process, the ALJ must determine whether claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  When a claimant alleges a severe mental impairment, the ALJ must follow a two-step "special technique" at steps two and three.  First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [he or she has] a medically determinable impairment."  20 C.F.R. § 416.920a.  Second, the "degree of functional limitation resulting from [the claimant's] impairments" in four broad areas of functioning: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation.  *Id.*  Functional limitation is measured as "none, mild, moderate, marked, and extreme."  *Id.*  If limitation is found to be "none" or "mild," the impairment is generally considered to not be severe.  *Id.*  If the impairment is severe, the ALJ proceeds to determine whether the impairment meets or is equivalent in severity to a listed mental disorder.  *Id.*

Step two is "a de minimus screening device [used] to dispose of groundless claims."  *Smolen*, 80 F.3d at 1290.  "Thus, applying our normal standard of review

ORDER - 23

to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

At step two, the ALJ found Plaintiff's mental impairments cause no more than mild limitations in the four broad areas of mental functioning, and as such, she does not have a severe impairment. Tr. 347-51. In making this finding, the ALJ relied on the opinions of Dr. Postovoit and Dr. Gilbert, who opined Plaintiff does not have a severe impairment.[4] Tr. 350. The ALJ also considered Plaintiff's longitudinal treatment history, in which Plaintiff had minimal treatment for her conditions, her generally normal mental status exams, and reported activities,

---

[4] Plaintiff argues Dr. Postovoit opined Plaintiff's conditions are severe. ECF No. 19 at 3. While the disability determination explanation labels Plaintiff's affective disorder and anxiety disorder as severe, it also states the conditions cause no limitations to mild limitations in the four broad areas of functioning, and Dr. Postovoit did not opine Plaintiff has any RFC limitations due to her condition. Tr. 114. Given the finding Plaintiff has no more than mild limitations, the ALJ reasonably found Dr. Postovoit opined Plaintiff does not have a severe impairment. *See* 20 C.F.R. § 416.920a(d)(1).

ORDER - 24

including an inability to engage in many activities independently.  Tr. 347-51.  As discussed *supra,* the ALJ considered the opinion of Dr. Cline, and statements from Plaintiff and Mr. Gutierrez, who indicated Plaintiff had severe impairments, but the ALJ rejected the opinion and statements for legally sufficient reasons.

Plaintiff argues the ALJ should have found her impairments severe, however Plaintiff's argument that the ALJ erred at step two relies on a finding that the ALJ improperly rejected Plaintiff's statements, Mr. Gutierrez's statement, and Dr. Cline's opinion.  Plaintiff sets forth her own interpretation of the evidence to support her argument that she has more than mild limitations in one or more areas of functioning.  ECF No. 13 at 20-21.  However, the Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision).  The ALJ's finding that Plaintiff's mental impairments cause no more than mild limitations, and as such she does not have a severe impairment, is supported by substantial evidence.  Plaintiff is not entitled to remand on these grounds.

ORDER - 25

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED April 17, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 26